McGREGOR W. SCOTT
United States Attorney
KELLI L. TAYLOR
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2741

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HUBBLE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, UNITED STATES AIR FORCE, MATHER AIR FORCE BASE, and MATHER AIR FORCE BASE HOSPITAL,<br><br>　　　　　Defendants | No. 2:06-cv-01605-MCE-GGH<br><br>**SETTLEMENT STIPULATION;**<br>**RELEASES; DISMISSAL; ORDER** |

　　　　It is hereby stipulated by and between Plaintiff John Hubble ("plaintiff") and all named Defendants, collectively referred to as the United States of America (with plaintiff, "the parties"), and their undersigned attorneys as follows:

　　　　1. The parties hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.

　　　　2. The United States agrees to pay the sum of twenty-seven thousand five hundred dollars ($27,500.00) to plaintiff, which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to

property and the consequence thereof, resulting, and to result, from the subject matter of this action, including any claims for wrongful death, which plaintiff or his guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States, its agents, servants, and employees.  The United States will not seek reimbursement from Plaintiff for the monies expended on Plaintiff's left leg care and treatment that are at issue in this litigation.

3.  Plaintiff and his guardians, heirs, executors, administrators or assigns hereby agree to accept the sum set forth in paragraph 2 in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof that they may have or hereafter acquire against the United States, its agents, servants, and employees on account of the same subject matter that gave rise to this action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages.  Plaintiff and his guardians, heirs, executors, administrators, or assigns further agree to reimburse, indemnify and hold harmless the United States and its agents, servants and employees from and against any and all causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims arising from the subject matter of this action.

4.  Plaintiff's undersigned attorney represents that he has explained, and plaintiff warrants and represents that he intends, that this Stipulation shall release all existing and future claims arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action, including claims that are unknown and unforeseen, notwithstanding Section 1542 of the Civil Code of the State of California, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing [this] Release, which if known by him must have materially affected his settlement with the debtor.

5. This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States or its agents, servants, or employees, and it is specifically denied that they are liable to plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

6. The parties agree that they will each bear their own costs, fees, and expenses; that any attorney's fees owed by plaintiff will be paid out of the settlement amount and not in addition thereto; and that all outstanding or future bills and liens will be the sole responsibility of plaintiff. Pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 percent of the amount of the compromise settlement.

7. Payment of the settlement amount will be made by check payable to plaintiff and his attorney, Eric Ratinoff, Esq. Plaintiff's attorney agrees to distribute the settlement proceeds, and to obtain a dismissal of the above-captioned action with prejudice, with each party bearing its own fees, costs and expenses.

8. The parties and their undersigned attorneys agree to execute and deliver such other and further documents as may be required to carry out the terms of this Agreement.

9. Each person signing this Stipulation warrants and represents that he or she possesses full authority to bind the person[s] on whose behalf he or she is signing to the terms of the Stipulation.

10. Each person signing this Stipulation warrants and represents that no promises, inducements, or other agreements not expressly contained herein have been made; that this Stipulation contains the entire agreement between the parties; and that the terms of this Stipulation are contractual and not mere recitals. This Stipulation may not be altered, amended, modified, or otherwise changed in any respect, except by a writing duly executed by the party to be charged. All prior oral understandings, agreements, and writings are superseded by this Stipulation and are of no force or effect.

11. Each person executing this Stipulation represents that he or she has read and understands its contents; that he or she executes this Stipulation voluntarily; that he or she has not been influenced by any person acting on behalf of any party.

1  12. The above-captioned action is hereby DISMISSED WITH PREJUDICE in its entirety and, upon approval by the Court as provided below, the Clerk of the Court is requested to enter this dismissal and release in the official docket.

13. Notwithstanding the entry of a dismissal herein, the parties hereby stipulate that Hon. Morrison England, District Judge, shall retain jurisdiction to enforce the terms of this compromise settlement.

DATED: January ___, 2008          McGREGOR W. SCOTT
                                  United States Attorney

                                  By:_____
                                      KELLI L. TAYLOR
                                      Assistant United States Attorney
                                      Attorneys for Defendant United States

DATED: December ___, 2007

                                  By:_____
                                      John Hubble, Plaintiff

DATED: December ___, 2007

                                  By:_____
                                      Eric Ratinoff
                                      Kershaw, Cutter & Ratinoff
                                      Attorneys for Plaintiff John Hubble

**ORDER**

IT IS SO ORDERED.

Dated: January 25, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE